**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| CITGO PETROLEUM CORP.,<br><br>*Plaintiff*<br><br>v.<br><br>PETROLEUM LOGISTICS SERVICE CORP., and JOSE MANUEL GONZALEZ TESTINO,<br><br>*Defendants*. | Civil Case No. 4:20-cv-01820<br><br>Jury Trial Demanded |

**REQUEST FOR ENTRY OF DEFAULT AGAINST JOSE MANUEL GONZALEZ TESTINO AND PETROLEUM LOGISTICS SERVICE CORP.**

Plaintiff CITGO Petroleum Corporation ("CITGO"), pursuant to Rule 55(a) of the Federal Rules of Civil Procedure ("FRCP"), respectfully requests that the Court Clerk enter default against Defendants Jose Manuel Gonzalez Testino ("Testino") and Petroleum Logistics Service Corp. ("PLS").

**I.    BACKGROUND**

On May 26, 2020, CITGO filed a Complaint against Defendants Testino and PLS (collectively, the "Defendants"). (ECF No. 1.) As discussed in more detail below, CITGO has properly served both Testino and PLS and filed proof of this service in the form of affidavits. (*See* ECF No. 21, ECF No. 25.) To date, more than 21 days have elapsed since the date of service, and neither Testino nor PLS has filed a responsive pleading or otherwise defended this action. (*See*

Declaration of Robert J. Meyer ¶¶ 15, 22, Dec. 16, 2020, attached hereto as Exhibit A and incorporated by reference for all purposes.) Accordingly, CITGO is entitled to a default against Testino and PLS.

    A.    <u>Service on PLS</u>

CITGO initially attempted to serve PLS by identifying a registered agent for PLS in Texas, which PLS was statutorily required to maintain in accordance with Texas Business Organizations Code Section 9.001. (*See* ECF 21 ¶ 9.) Additionally, PLS was contractually required to maintain a service of process agent in the United States.[1] (ECF 21 ¶ 9.) However, PLS failed to maintain a registered agent in Texas or the United States as required by Texas state law and the contract at issue here.[2] CITGO also attempted to serve PLS in person through process servers at the offices listed on PLS's corporate website, 1519 NW 82nd Ave, Miami, FL 33126. (*See* ECF 21 ¶¶ 3-4 & Ex. A.) However, when the process server arrived at the building, the location was occupied by a different business and an employee at the front desk indicated that she was not aware of PLS having offices there. (*See* ECF 21 ¶ 5 & Ex. B.)

Given that no PLS agent in Texas existed, on August 4, 2020, CITGO served PLS through service on its agent, the Texas Secretary of State, in accordance with Texas law. *See* Tex. Bus. Orgs. Code Ann. § 5.251(1)(A) ("The secretary of state is an agent of an entity for purposes of service of process, notice, or demand on the entity if. . . the entity is a filing entity or a foreign filing entity and. . . the entity fails to appoint or does not maintain a registered agent in this state"); Tex. Civ. Prac. & Rem. Code Ann. § 17.044(a)(1); (ECF 21 ¶¶ 9-11.) Specifically, CITGO

---

[1] Specifically, in the March 5, 2014 Service Contract Agreement referenced in the Complaint, PLS agreed to "appoint a service of process agent in the United States and provide CITGO at least 90 day notice of any address change of the service of process agent." (*See* Comp. ¶ 2.)

[2] Counsel for PLS's U.S. subsidiary ("PLS USA"), Doug Jacobson of Burton Kelley PLLC, confirmed in a June 23, 2020 email to CITGO's counsel that PLS had no service agent in the U.S. who could receive service in the instant litigation. (*See* Ex. A, Meyer Decl. ¶¶ 3-6 & Ex. A-1.) Instead, Mr. Jacobson advised that the appropriate "point of contact" for PLS "in Panama is Jeymi[*sic*] Dominguez." (*See* Ex. A, Meyer Decl. ¶¶ 3-6 & Ex. A-1.)

transmitted the Complaint, Summons, Rule 7.1 Corporate Disclosure Statement, and Certificate of Interested Parties ("PLS Service Documents") to the Texas Secretary of State with instructions to forward the PLS Service Documents to the following three known names and addresses for PLS and its agents: (1) PLS's international corporate headquarters in Panama as per their website and correspondence with CITGO, located at Petroleum Logistics Service Corp., Trump Office Tower, 2nd floor, Office 2-06, Punta Pacifica, Panama City, Panama with attention to PLS's Managing Agent; (2) PLS's agent on corporate filings in Panama, Fabrega, Molino, and Mulino, located at BMW Plaza, 9th Floor, 50 St. P.O. Box: 0816-00744, Panama, Rep. of Panama; and (3) PLS's President Jaymy Dominguez, who was identified by PLS USA's counsel as an appropriate point of contact for PLS in Panama, at her home address as per PLS corporate records located at PH Riverside, Piso 23, Apto. 23A, Calle 5ta, Parque Lefevre y via Espana, Parque Lefevre, Panama. (ECF 21 ¶ 10 & Ex. A.)

On August 14, 2020, the Secretary of State certified that it received the PLS Service Documents on August 4, 2020, and, on August 11, 2020, forwarded them by registered mail with return receipt requested to the three addresses provided. (ECF 21 ¶ 11 & Ex. C.) On August 21, 2020, CITGO filed proof that PLS was served in accordance with FRCP 4, through compliance with Texas Business Organizations Code Section 5.251 and Texas Civil Practices & Remedies Code Section 17.044, at the time of service on the Texas Secretary of State on August 4, 2020. (ECF 21.)

On September 15, 2020, the Texas Secretary of State signed an additional three certificates of service certifying the response it received from the mailings to PLS. (*See* Ex. A, Meyer Decl. ¶¶ 12-13 & Ex. A-2.) These certificates of service noted that: (1) on September 2, 2020, the Texas Secretary of State's mailings to both PLS headquarters and to Fabrega, Molino, & Mulino were

returned "Bearing Notation Return to Sender, Unable to Forward;" and (2) on September 8, 2020, the Texas Secretary of State's mailing to PLS's President, Jaymy Dominguez, was returned "Bearing Notation Return to Sender, Refused, Unable to Forward." (*Id.*)

Because, as alleged in the Complaint, PLS was under the control and indirect ownership of Testino, CITGO also independently provided the PLS Service Documents to Testino on September 1, 2020, through the counsel of record in his related criminal prosecution, Edward Shohat of Jones Walker LLP. (Ex. A, Meyer Decl. ¶¶ 14, 19; Compl. ¶¶ 10, 14, 21.)

At no time has PLS answered the Complaint or otherwise appeared in this action. (Ex. A, Meyer Decl. ¶ 15.)

B.  Service on Testino

On August 21, 2020, after repeated failed attempts to serve Testino in person at the apartment where court records from a related criminal case indicated Testino was confined under "'24-hour-a-day lock-down' home incarceration," and through his attorney in that criminal matter, Mr. Shohat, CITGO filed a motion with this Court seeking substitute service on Testino ("Motion for Substitute Service"). (ECF No. 20.) The Court granted CITGO's Motion for Substitute Service on August 24, 2020, ordering CITGO to serve Testino with the Motion for Substitute Service, the Order granting substitute service, the Complaint, and the Summons ("Testino Service Documents") by: (1) delivering the service documents via regular first class and certified mail to Testino's apartment; (2) leaving the documents on the front doorstep of Testino's apartment; and (3) delivering the documents to Mr. Shohat via email and certified mail ("Service Order"). (ECF No. 22.) Alternative service on Testino in accordance with the Service Order was effected on September 5, 2020. (ECF No. 25.)

On October 7, 2020, CITGO filed proof of its service on Testino. (ECF No. 25.) On October 13, 2020, CITGO provided copies of such proof of service to Mr. Shohat, and requested

that he confirm that he provided the proof of service and related service documents to his client, Testino. (ECF No. 25; *see also* Ex. A, Meyer Decl. ¶¶ 20-21 & Ex. A-3.) Since this time, CITGO has not received any response or other communication from Testino or Mr. Shohat. (Ex. A, Meyer Decl. ¶ 21.)

At no time has Testino answered the Complaint or otherwise defended this action. (Ex. A, Meyer Decl. ¶ 22.)

## II. ARGUMENTS AND AUTHORITIES

Pursuant to FRCP 55(a), the Court Clerk is required to enter default against a party who has not filed a responsive pleading or otherwise defended a suit. *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). Under FRCP 12(a)(1)(A)(i), a "defendant must serve an answer within 21 days after being served with the summons and complaint." Here, PLS was served with the Summons and Complaint on August 4, 2020, and Testino was served with the Summons and Complaint on September 5, 2020. Yet, Defendants have not served an answer to the Complaint or otherwise defended the action within the required 21 days after being served.

### A. The Court Clerk Should Enter Default, Because PLS Failed to Enter A Timely Response

PLS was properly served on August 4, 2020 under FRCP 4(h)(1)(A) and 4(h)(1)(B), through service on PLS's agent for service of process, the Texas Secretary of State, in accordance with Texas state law. FRCP 4(h)(1)(A) provides that service on a foreign corporation may be effected "in any manner prescribed by Rule 4(e)(1)." FRCP 4(e)(1) provides that "an individual may be served in a judicial district of the United States by . . . following state law for serving a summons in an action . . . where the district court is located or where service is made." FRCP 4(h)(1)(B) provides that service on a foreign corporation may be effected "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or ***any other agent***

*authorized by appointment or by law to receive service of process*." FRCP 4(h)(1)(B) (emphasis added). CITGO's August 4, 2020 service on the Texas Secretary of State satisfies the conditions for effective service on PLS under both of these provisions. *See Naranjo v. Universal Sur. of Am.*, 679 F. Supp. 2d 787, 797 (S.D. Tex. 2010) ("As Texas law designates the Texas Secretary of State as an agent to receive service of process for a non-resident without an in-state designated agent . . . . service on [defendants] through the Texas Secretary of State is proper under Rule 4(h)(1)(B)."); *ATEN Int'7l Co. v. Emine Tech. Co.*, 261 F.R.D. 112, 121 (E.D. Tex. 2009) (holding that "service on the Texas Secretary of State was a proper method" under Rule 4(h)(1)(A) as the service was in accordance with Texas law).

Texas law provides that the Texas Secretary of State can serve as an agent for purposes of service of process where, as here, a foreign entity doing business in Texas has failed to designate a service agent. Specifically, the Texas Business Organization Code provides that the Texas "secretary of state is an agent of an entity for purposes of service of process, notice, or demand on the entity if the entity is . . . a foreign filing entity and *the entity fails to appoint or does not maintain a registered agent in this state*." Tex. Bus. Orgs. Code Ann. § 5.251(1)(A) (emphasis added). Additionally, under Texas's long-arm statute, the "secretary of state is an agent for service of process on a nonresident who . . . engages in business in this state, but has not designated or maintained a resident agent for service of process." Tex. Civ. Prac. & Rem. Code Ann. § 17.044(a)(1).

PLS engaged in business in Texas by entering into a contract with CITGO in Texas, governed by Texas law, and wherein partial performance on the contract took place in Texas. Tex. Civ. Prac. & Rem. Code Ann. § 17.042(1) ("In addition to other acts that may constitute doing business, a nonresident does business in this state if the nonresident: (1) contracts by mail or

otherwise with a Texas resident and either party is to perform the contract in whole or in part in this state.); Compl. ¶¶ 2-4, 24-25. Further, PLS "engage[d] in business" in Texas when it "commit[ted] a tort in whole or in part" in Texas. Tex. Civ. Prac. & Rem. Code Ann. § 17.042(2). As the Complaint details, PLS committed the tort of fraud by criminally paying bribes to CITGO employees in Texas then fraudulently misrepresenting PLS's compliance with the law in the agreement between CITGO and PLS, in an effort to induce CITGO into entering the contract with PLS. Compl. ¶¶ 5, 12-13, 72, 89-96; *see Jag Media Holdings Inc. v. A.G. Edwards & Sons Inc.*, 387 F. Supp. 2d 691, 699 (S.D. Tex. 2004) ("The fraud and stock manipulation and other unlawful acts as alleged . . . were committed in furtherance of that agreement predicated on the tort of fraud"). Despite PLS "engaging in business" in Texas, PLS failed to maintain a registered agent in Texas (or the United States as required by the contract), which counsel for PLS's U.S. subsidiary confirmed on June 23, 2020. (*See* Ex. A, Meyer Decl. ¶¶ 3-6 & Ex. A-1.)

Under Texas law, "service of process on the Secretary of State constitutes constructive service on the nonresident defendant, thereby triggering the nonresident defendant's answer date." *Bonewitz v. Bonewitz*, 726 S.W.2d 227 (Tex. App. 1987) (affirming default judgment of out-of-state defendant served via Texas Secretary of State based on date that Secretary of State was served, *not* when Secretary of State mailed service to defendant). The reason for this is that, where the statutory conditions have been met, the Texas Secretary of State is the actual agent for *receiving* process of service for the defendant, rather than merely an agent for effecting service. *Rooftop Grp. USA, Inc. v. Shopper Events LLC*, No. 14-15-01040-CV, 2017 WL 2125648, at *2 (Tex. App. May 16, 2017) (affirming default judgment based on service on defendant through its agent the Texas Secretary of State and noting that "[w]hen substituted service on a statutory agent is allowed,

the designee is not an agent for serving but for receiving process on the defendant's behalf") (quoting *Campus Investments, Inc. v. Cullever*, 144 S.W.3d 464, 466 (Tex. 2004)).

Service is deemed effected at the time the Secretary of State is served with the service documents even where, as here, the mailing from the Texas Secretary of State to the non-resident defendant is ultimately returned or refused. *See, e.g.*, *Mahon v. Caldwell, Haddad, Skaggs, Inc.*, 783 S.W.2d 769, 772 (Tex. App. 1990) (affirming default judgment against out-of-state defendant served via Texas Secretary of State, "even though the citations were returned to the Secretary bearing the notation 'refused' . . . [because] the certificate from the Secretary of State evidenced that process was forwarded by certified mail was sufficient to grant jurisdiction over the defendant."); *see also Advanced Stimulation Techs., Inc. v. Putnam Energy, LLC*, No. MO-14-CV-118, 2016 WL 8229782, at *3 (W.D. Tex. May 11, 2016) (granting default judgment against non-responding foreign defendant served pursuant to FRCP 4(h)(1)(B) through Texas Secretary of State where mailing to defendant was returned bearing the notation "return to sender, refused, unable to forward."); *Ziegler v. Subalipack* (M) SDN BHD, No. CV H-16-2598, 2018 WL 3241230, at *1 (S.D. Tex. July 3, 2018) (granting default judgment against non-responding foreign defendant served through Texas Secretary of State where mailing to defendant was returned undeliverable).

Accordingly, PLS's time to respond under FRCP 12(a)(1)(A)(i) began running when its agent, the Texas Secretary of State, was served on August 4, 2020. At the time of this filing, it has been more than 21 days since PLS was served. In fact, it has been more than 130 days since initial service, over 100 days since Testino, who acted as ultimate owner and controller of PLS, was served through counsel with the PLS Service Documents, and nearly 100 days since PLS refused to accept the certified mailing from the Texas Secretary of State at the address of Jaymy

Dominguez, President of PLS.  However, since this time, PLS has not answered or otherwise attempted to defend against the Complaint.  (Ex. A, Meyer Decl. ¶ 15.)

As PLS has not answered or otherwise defended against the Complaint within the required time under FRCP 12(a)(1)(A)(i), the Clerk is required to enter default against PLS.

### B. The Court Clerk Should Enter Default, Because Testino Failed to Enter A Timely Response

Substitute service in accordance with this Court's Service Order is sufficient to start defendant's time to respond.  *See, e.g.*, *Joe Hand Promotions, Inc. v. Dadson*, No. CIV.A. H-13-3609, 2014 WL 5035300, at *3 (S.D. Tex. Oct. 8, 2014) (granting default judgment following defendant's failure to respond after being served in accordance with Court's substitute service order).  Testino was served in accordance with this Court's Service Order on September 5, 2020.  (*See* ECF No. 25, Wastler Decl. ¶¶ 3, 5, 7, 8.)  Since that time, Testino has not answered or otherwise attempted to defend against the Complaint.  (Ex. A, Meyer Decl. ¶ 22.)  Therefore, at the time of this filing, it has been more than 21 days since Testino was served.  In fact, it has been more than 100 days since Testino was served pursuant to the Court's Service Order and more than 60 days since Testino's attorney in the related criminal matter was emailed the Proof of Service that was publicly filed on the Court's ECF system.  Finally, Testino is not on active duty military status. (S*ee* Ex. A, Meyer Decl. ¶ 23 & Ex. A-4).

As Testino has not answered or otherwise defended against the Complaint within the required time under FRCP12(a)(1)(A)(i), the Clerk is required to enter default against Testino.

### III.     PRAYER

For these reasons, CITGO respectfully requests that the Clerk enter a default as to Testino and PLS on its claims in accordance with FRCP 55(a) and (b)(2), and grant it such other and further relief to which it may be justly entitled.

**WILLKIE FARR & GALLAGHER LLP**

By: /s/ Jennifer Hardy

Jennifer Hardy
Attorney-in-Charge
Texas Bar No. 24096068
Southern District of Texas Bar No. 2828253
Willkie Farr & Gallagher LLP
600 Travis Street
Houston, TX 77002
Tel: (713) 510-1766
Fax: (713) 510-1799
JHardy2@willkie.com

Michael Gottlieb
Robert Meyer
Sarah Wastler
Nicholas Reddick
Andrew English
Andrew Bouriat
Willkie Farr & Gallagher LLP
1875 K Street, N.W.
Washington, D.C. 20006
Tel: (202) 303-1000
Fax: (202) 303-2000

*Attorneys for Plaintiff CITGO Petroleum Corporation*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document will be served on Defendants Jose Manuel Gonzalez Testino ("Testino") and Petroleum Logistics Service Corp. ("PLS") via CM/ECF, as well as via email to Testino's counsel Edward Shohat at eshohat@joneswalker.com and to PLS's U.S. subsidiary's counsel Doug Jacobson at djacobson@jacobsonburton.com, and via certified mail at the following addresses:

| | |
|---|---|
| Jose Manuel Gonzalez Testino<br>200 Biscayne Boulevard Way, Unit 3903<br>Miami, Florida 33131 | Petroleum Logistics Service Corp.<br>Trump Office Tower<br>2nd floor, Office 2-06<br>Punta Pacifica, Panama City |
| Edward Shohat<br>Jones Walker, LLP<br>201 S. Biscayne Blvd., Twenty Sixth Floor<br>Miami, Florida 33131 | Jayme Dominguez<br>President, Petroleum Logistics Service Corp.<br>PH Riverside<br>Piso 23, Apto. 23A, Calle 5ta<br>Parque Lefevre y via Espana<br>Parque Lefevre, Panama |

By: /s/ Jennifer Hardy

Jennifer Hardy
Attorney-in-Charge
Texas Bar No. 24096068
Southern District of Texas Bar No. 2828253
Willkie Farr & Gallagher LLP
600 Travis Street
Houston, TX 77002
Tel: (713) 510-1766
Fax: (713) 510-1799
JHardy2@willkie.com

*Attorney for Plaintiff CITGO Petroleum Corporation*