## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| CITGO PETROLEUM CORP., | |
| *Plaintiff* | |
| v. | Civil Case No. 4:20-cv-01820 |
| PETROLEUM LOGISTICS SERVICE CORP., and JOSE MANUEL GONZALEZ TESTINO, | Jury Trial Demanded |
| *Defendants*. | |

## MOTION FOR LEAVE TO CONDUCT THIRD-PARTY DISCOVERY

Pursuant to Federal Rules of Civil Procedure ("FRCP") 26, 30, and 45, Plaintiff CITGO Petroleum Corporation ("Plaintiff" or "CITGO") respectfully moves the Court for entry of an order permitting CITGO to conduct limited third-party discovery in support of its motion for default judgment.

### I.     Background

CITGO initiated the instant litigation against Petroleum Logistics Service Corp. ("PLS") and Jose Manuel Gonzalez Testino  ("Testino," and together, "Defendants") on May 26, 2020, alleging claims of breach of contract, fraud, and civil violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO").  Defendants failed to appear in this action, and, on January 22, 2021, the Clerk granted Plaintiff's request for entry of default against Defendants pursuant to FRCP 55.  (ECF No. 31.)

On March 2, 2021, CITGO filed a status report ("March Status Report") with the Court, indicating that it had engaged an expert to review and analyze invoices related to transactions with PLS and Testino and to offer an opinion on the damages CITGO suffered in this case.  (ECF No. 32.)  CITGO further stated that it anticipated filing a motion for default judgment in August 2021. *Id*.  In the March Status Report, CITGO indicated that although it did "not anticipate requesting permission from the Court to subpoena third-parties" at that time, it acknowledged that as it "continue[d] the process of determining the damages amount [] in consultation with Plaintiff's expert witness, it [was] possible that Plaintiff [might] require the Court's permission to obtain additional documentation through third-party subpoenas." *Id.*  The Court has yet to set a deadline for Plaintiff's motion for default.

Plaintiff's ongoing work with its experts, as well as further developments in related prosecutions by the Department of Justice ("DOJ") (*see, e.g.*, Compl. at ¶¶ 8-9, 32-41, ECF No. 1), have demonstrated that:  (1) additional information is necessary in order to prove the full extent of Plaintiff's damages resulting from Defendants' conduct (which will also potentially aid establishing Defendants' liability), and (2) such additional information is likely to be in the exclusive possession of the below-identified third parties.  Plaintiff thus requests permission to conduct limited third party discovery in aid of its damages (and liability) analysis, and additional time in which to conduct such discovery and thereafter submit its motion for default to this Court.

## II.    Grounds for Granting Leave to Conduct Third-Party Discovery

"A motion for default judgment requires courts to determine: (1) if default judgment is procedurally appropriate; (2) if plaintiff has presented a colorable claim; and (3) how to calculate damages." *Vela v. M&G USA Corp.*, No. 2:17-CV-13, 2020 WL 421188, at *1 (S.D. Tex. Jan. 27, 2020).  "[T]o determine the amount of damages, the court may receive detailed affidavits and documentary evidence and [] rely on the record." *Compass Bank v. Alarcon*, No.

5:16-CV-66, 2017 WL 3253096, at *1 (S.D. Tex. Feb. 24, 2017);  *see also Mut. Fire, Marine & Inland Ins. Co. of Philadelphia Pennsylvania v. Transoil Rig Equip., Inc.*, No. 85-5726, 1987 WL 9417, at *3 (S.D. Tex. Apr. 10, 1987) (holding that a party seeking entry of a default judgment is "required to support [its] prayer for damages by appropriate evidence").

In order to ascertain the full extent of its damages and to adequately support its request for such damages in its forthcoming motion for default judgment, CITGO requires additional information, which it believes is likely to be in the exclusive possession of the below-identified third parties.  Where, as here, Defendants have failed to appear in the action and no Rule 26(f) conference has occurred, Court authorization is required before Plaintiff may seek discovery in support of its default motion.[1]  *See* FRCP 26(d)(1)("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized . . . by court order.").

Courts considering such requests for third-party discovery in the context of a default, have authorized such discovery upon a showing of "good cause."  *See, e.g.*, *Antoine v. Boutte*, No. CV 15-561-JWD-EWD, 2016 WL 6138252, at *2–4 (M.D. La. Oct. 20, 2016); *St. Louis Grp., Inc. v. Metals & Additives Corp.*, 275 F.R.D. 236, 240 (S.D. Tex. 2011) ("[T]his Court believes that a showing of good cause should be made to justify an order authorizing discovery prior to the Rule 26(f) conference.").  Courts have found "good cause" for third-party discovery where, like here, additional information was needed to ascertain the full extent of plaintiff's damages and such information could not be obtained through discovery of the defaulted defendant given their failure to appear.  *See, e.g.*, *Antoine*, 2016 WL 6138252, at *2, 4 (granting plaintiff leave to pursue discovery from third-party retailers and music venues in order to ascertain damages against

---

[1] Similarly, Plaintiff cannot confer with Defendants, as would ordinarily be required by Local Rule 7.1, as well as the Court Procedures of both Judge Hanks and Judge Edison, as both Defendants have failed to appear.

defaulted defendant performer); *Sheridan v. Oak Street Mortgage, LLC*, 244 F.R.D. 520 (E.D. Wis. 2007) (granting plaintiff leave to pursue discovery in order to ascertain both class certification and damages against defaulted defendant).  Courts in other circuits using a "good cause" standard similarly permit third-party discovery in the context of a default if it is "reasonably calculated to lead to evidence in support of Plaintiff's motion for default judgment and a request for damages." *See, e.g.*, *Kraho GmbH v. Overlord Ltd.*, 2019 WL 8064249, at *3 (C.D. Cal. Dec. 20, 2019).

Courts in this Circuit have also relied on information obtained in third-party discovery to calculate damages in default judgments.  *See, e.g.*, *Aerielle Techs., Inc. v. Procare Int'l Co.*, No. 2:08-CV-284-TJW, 2011 WL 1238924, at *1 (E.D. Tex. Mar. 1, 2011) (relying on third-party discovery to determine scope of non-appearing defendant's patent infringement); *Am. Pats. v. Shenzhen Tenda Tech. Co.*, No. 4:19-CV-880, 2021 WL 1550484, at *2 (E.D. Tex. Apr. 20, 2021) (relying on third-party discovery to calculate damages related to conduct of non-appearing defendant).

Here, additional discovery from third parties is needed to quantify the full extent of the damages to CITGO caused by Defendants.  As alleged in the Complaint, Defendants engaged in bribery of CITGO's employees in order to retain business for PLS and other entities owned by Testino at grossly inflated prices.  (Compl. at ¶¶ 8-18, 32-41, ECF No. 1).  Due to the illicit nature of this scheme, Defendants and the former CITGO employees receiving these bribes kept both the existence and amount of the bribes and the true value of the goods and services provided to CITGO secret, including by destroying evidence.  (Compl. at ¶¶ 66, 104, ECF No. 1).  As a result, CITGO does not have sufficient information to fully quantify the damages caused by Defendants.  Further, as PLS and Testino have both failed to appear in this action, CITGO has been unable to obtain discovery through Defendants.

Accordingly, Plaintiff proposes to seek discovery from sources believed to have direct knowledge of Defendants' misconduct and the damages it caused Plaintiff, including from: (1) certain affiliates of PLS and/or Testino believed to have firsthand knowledge of the alleged fraud and racketeering schemes perpetrated by PLS and/or Testino; and (2) former CITGO employees corrupted by bribes paid to benefit PLS and/or Testino, who also have firsthand knowledge of the extent of the damages caused by Defendants.

## III.    **Proposed Discovery**

In order to obtain information relevant to Defendants' misconduct and damages incurred by CITGO, Plaintiff requests permission from the Court to issue subpoenas, pursuant to FRCP 30 and 45, seeking depositions of and the production of documents from the following three individuals:

- **Laymar Pena Torrealba**: Ms. Pena Torrealba is a former CITGO employee who, on March 22, 2019, pled guilty to a charge of conspiracy to launder money in connection with bribe payments received from Testino in exchange for providing Testino with inside information and assistance in retaining business from CITGO.

- **Ruben Dario Gonzalez Castillo**: Mr. Gonzalez Castillo is the PLS representative who signed the March 5, 2014 Service Contract Agreement between CITGO and PLS (the "Service Agreement").  In addition, Mr. Gonzalez Castillo  arranged for payments to be made from CITGO to PLS's Swiss bank account and was in contact with former CITGO employees believed to receive bribes from Defendants, including a former employee who has pled guilty to money laundering in connection with bribes paid by Testino.

- **Petroleum Logistics Services USA, Inc.** ("PLS USA") through FRCP 30(b)(6) representative:  PLS USA is the U.S.-based subsidiary of PLS that was used to complete at least some of the logistics services contemplated in the Service Agreement, and would therefore have evidence as to the extent of the revenue generated from the bribes paid by Defendants.

Additionally, Plaintiff requests permission from the Court to issue subpoenas to the following individuals/entities, in accordance with FRCP 45, seeking the production of documents related to Defendants' misconduct and damages incurred by CITGO:

- **DAC Global Logistics / Double Ace Cargo Inc.**: In correspondence with CITGO, PLS has previously claimed to have more than $30 million worth of unclaimed equipment and spare parts in its possession related to the Service Agreement, which are stored with an entity alternately referred to as "DAC," "DAC Global Logistics," or "Double Ace Cargo Inc." in warehouses in Houston and Miami. Information related to the existence and actual value of this equipment will likely be relevant to CITGO's analysis of price inflation for goods procured by PLS.

- **Bank of America**: CITGO wired funds to PLS USA's Bank of America bank account in payment for logistics services under the Service Agreement. It is believed that funds passing through this account were used in Testino's bribery scheme and that records related to this account will likely help CITGO prove the extent of the bribes paid by Defendants.

- **Alfonzo Eliezer Gravina Munoz**: Mr. Gravina Munoz is a former employee at CITGO's indirect parent company, Petróleos de Venezuela, S.A. ("PDVSA"), who pled guilty to a charge of conspiracy to obstruct an official proceeding in 2018 in connection with concealing information from prosecutors related to Testino and with advising Testino of the DOJ's investigation, which led to the destruction of relevant evidence. Mr. Gravina Munoz is believed to have information concerning bribes paid by Testino or evidence related to the structure through which Testino exercised control of PLS and other related entities.

- **Javier Aurrecoechea**: Mr. Aurrecoechea is the registered agent in Texas for PLS USA and acted as a representative of PLS and PLS USA in connection with the Service Agreement. Mr. Aurrecoechea is believed to have information concerning price inflation for goods procured by PLS or services provided by PLS, which will aid in establishing the extent of damages caused by Defendants' bribery.

- **Sergio Omana**: Mr. Omana is the registered agent in Florida for PLS USA who acted as a representative of PLS and PLS USA in connection with the Service Agreement. Mr. Omana is believed to have information concerning price inflation for goods procured by PLS or services provided by PLS.

- **Gonzalo Jose Jorge Morales Divo**: Mr. Morales Divo is a business associate of Testino who, according to testimony given in the criminal prosecution of Testino, had direct knowledge of bribes that were made to secure business with CITGO. In addition to knowledge of bribes paid by Testino, Mr. Morales Divo is believed to have evidence related to the structure through which Testino exercised control of PLS and other related entities.

In addition to the above-identified individuals and entities, Plaintiff believes that at least three other individuals, Jose Luis De Jongh Atencio (a former CITGO employee who, on March 22, 2021, pled guilty to conspiracy to launder money in connection with over $3 million in bribe

- 6 -

payments received from Testino and his associate Tulio Anibal Farias Perez), Tulio Anibal Farias Perez (a business associate of Gonzalez Testino who, on February 22, 2019, pled guilty to conspiracy to violate the Foreign Corrupt Practices Act in connection with a scheme to bribe a CITGO employee), and Johana Haddad (a business associate of Testino who, according to government testimony in the prosecution of Testino, had direct knowledge of bribes that were made to secure business with CITGO) are also likely to possess information relevant to Plaintiff's default action.  Given the DOJ's ongoing related prosecutions, Plaintiff understands that although the DOJ would not object to Plaintiff seeking discovery from the nine individuals and entities previously identified in this Motion, it may seek to intervene and stay any discovery as to De Jongh, Farias Perez, or Haddad should it be sought by Plaintiff at this time.  In order to avoid the delay of a stay and unnecessary litigation, Plaintiff is refraining from seeking discovery from De Jongh, Farias Perez, or Haddad at this time, but may file an additional request for third-party discovery from these individuals prior to submitting the default motion in the event DOJ later consents to this discovery as the criminal prosecutions advance.

## IV.   Proposed Schedule

In its March Status Report, CITGO previously indicated its intention to file a motion for default judgment in August 2021, but which the Court had not yet imposed as a deadline.  Given CITGO's request to seek third-party discovery, Plaintiff proposes the following revised schedule:

- Plaintiff will serve third-party subpoenas as soon as practicable following the Court's order granting this Motion, seeking depositions and documents from the three individuals/entity and documents from the additional six individuals/entities, as set out *supra*;

- Plaintiff will file status updates every 60 days advising the Court on its progress in pursing this discovery, and Plaintiff will inform the Court as soon as it will be in a position to file its motion for default.

Pursuant to Local Rules 7.1(C), Plaintiff attaches to this motion a proposed order entering the relief requested above.

Dated:  August 25, 2021

<div style="margin-left:40%">

/s/ Jennifer Hardy
Jennifer Hardy
Attorney-in-Charge
Texas Bar No. 24096068
Southern District of Texas Bar No. 2828253
Willkie Farr & Gallagher LLP
600 Travis Street
Houston, TX 77002
Tel: (713) 510-1766
Fax: (713) 510-1799
JHardy2@willkie.com

Michael Gottlieb
Robert Meyer
Sarah Wastler
Nicholas Reddick
Andrew English
Andrew Bouriat
Willkie Farr & Gallagher LLP
1875 K Street, N.W.
Washington, D.C. 20006
Tel: (202) 303-1000
Fax: (202) 303-2000

*Attorneys for Plaintiff CITGO Petroleum Corporation*

</div>

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document will be served on Defendants Jose Manuel Gonzalez Testino ("Testino") and Petroleum Logistics Service Corp. ("PLS") via CM/ECF, as well as via certified mail at the following addresses:

> Jose Manuel Gonzalez Testino
> 200 Biscayne Boulevard Way, Unit 3903
> Miami, Florida 33131
>
> Jayme Dominguez
> President, Petroleum Logistics Service Corp.
> PH Riverside
> Piso 23, Apto. 23A, Calle 5ta
> Parque Lefevre y via Espana
> Parque Lefevre, Panama
>
> Petroleum Logistics Service Corp.
> Trump Office Tower
> 2nd floor, Office 2-06
> Punta Pacifica, Panama City

By: /s/ Jennifer Hardy

> Jennifer Hardy
> Attorney-in-Charge
> Texas Bar No. 24096068
> Southern District of Texas Bar No. 2828253
> Willkie Farr & Gallagher LLP
> 600 Travis Street
> Houston, TX 77002
> Tel: (713) 510-1766
> Fax: (713) 510-1799
> JHardy2@willkie.com
>
> *Attorney for Plaintiff CITGO Petroleum Corporation*