# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS

CITGO PETROLEUM CORP.,

                *Plaintiff*,

v.

PETROLEUM LOGISTICS SERVICE CORP., and JOSE MANUEL GONZALEZ TESTINO,

                *Defendants*.

**Civil Case No. 4:20-cv-01820**

**Jury Trial Demanded**

## PETITIONER CITGO PETROLEUM CORP.'S MOTION TO COMPEL RESPONDENT SERGIO OMANA'S COMPLIANCE WITH SUBPOENA

Jennifer Hardy
Attorney-in-Charge
Texas Bar No. 24096068
Southern District of Texas Bar No. 2828253
Willkie Farr & Gallagher LLP
600 Travis Street
Houston, TX 77002
Tel: (713) 510-1766
Fax: (713) 510-1799
JHardy2@willkie.com

Michael Gottlieb
Robert Meyer
Nicholas Reddick
Andrew English
Willkie Farr & Gallagher LLP
1875 K Street, N.W.
Washington, D.C. 20006
Tel: (202) 303-1000
Fax: (202) 303-2000

*Attorneys for Plaintiff CITGO Petroleum Corporation*

## Table of Contents

INTRODUCTION ................................................................................................... 1

PROCEDURAL HISTORY ..................................................................................... 1

STATEMENT OF ISSUES AND SUMMARY OF THE ARGUMENT .......................... 3

FACTUAL BACKGROUND ..................................................................................... 5

   I.    Nature Of The Action ...................................................................... 5

   II.   Service Of The Subpoena ................................................................ 6

   III.  Responsive Documents In Mr. Omana's Possession ......................... 10

ARGUMENT ........................................................................................................ 11

   I.    The Subpoena Was Properly Issued In The United States District Court For The Southern District Of Texas And May Be Properly Enforced By This Court ..................................................................... 11

      A.   The Subpoena Was Properly Issued In The Southern District Of Texas .... 11

      B.   The Subpoena Was Properly Served On Mr. Omana ................... 12

      C.   The Subpoena May Be Enforced By This Court ......................... 12

   II.   This Court Should Grant CITGO's Motion To Compel Because Mr. Omana Has Not Responded And Has Waived All Objections ............................ 13

   III.  The Scope Of Discovery Requested By The Subpoena Is Appropriate Under Rule 45 ........................................................................ 14

   IV.  Mr. Omana Has Refused To Comply With The Subpoena And Should Be Held In Contempt ................................................................ 17

CONCLUSION ..................................................................................................... 18

CERTIFICATE OF CONFERENCE ....................................................................... 20

CERTIFICATE OF SERVICE ............................................................................... 22

## INTRODUCTION

CITGO Petroleum Corporation ("CITGO") sued Panama-based Petroleum Logistics Service Corp. ("PLS") for fraud and Racketeer Influenced and Corrupt Organizations Act ("RICO") claims, among others, in the Southern District of Texas. CITGO sought, and the Court granted, leave to take third-party discovery on Sergio Omana. Mr. Omana works for Petroleum Logistics Service USA, Inc. ("PLS USA"), a Miami-based subsidiary of PLS that likely performed at least some of the services at issue in the underlying Texas action.[1]

Mr. Omana has largely ignored CITGO's properly served subpoena and refused CITGO's numerous attempts to meet and confer. Accordingly, CITGO respectfully moves the Court for an Order compelling Mr. Omana to comply with the subpoena and to compensate CITGO for the costs and fees incurred in making this Motion.

## PROCEDURAL HISTORY

This motion to compel Mr. Omana's compliance with a non-party subpoena arises from CITGO's third-party discovery—previously approved by this Court (*see* Hr'g Mins., ECF No. 36)—to determine the full extent of damages CITGO sustained as a result of the

---

[1] As a registered agent of PLS USA, Mr. Omana was also personally served a subpoena for PLS USA, requiring PLS USA to attend a deposition and produce documents. PLS USA did not do so, and the District Court for the Southern District of Florida recently found that the discovery sought was appropriate, the method of service of the subpoena was valid, and that by failing to produce documents or attend a deposition, PLS USA had failed to comply with the subpoena. That court therefore granted CITGO's motion to compel PLS USA to attend a deposition and produce documents and granted CITGO leave to file a motion seeking costs associated with filing the motion to compel.

fraudulent and unlawful conduct of the Defendants in the underlying action: PLS and Jose Manuel Gonzalez Testino ("Testino" and, collectively, the "Defendants").

On May 26, 2020, CITGO filed an action against the Defendants alleging fraud, breach of contract, and civil claims under RICO (the "Underlying Action"). Compl., ECF No. 1. PLS and Testino failed to respond to the Complaint or otherwise defend the action, and, on January 22, 2021, CITGO's request for an entry of default was granted. Clerk's Entry of Default, ECF No. 31.

On August 25, 2021, CITGO filed a Motion for Leave to Conduct Third-Party Discovery from Mr. Omana and other individuals and entities believed to be in possession of information necessary for determining damages in support of CITGO's forthcoming Motion for Default Judgment. Mot. for Leave to Conduct Third-Party Disc., ECF No. 33 (the "Discovery Motion"). Mr. Omana acted as a representative of PLS in connection with CITGO's contract with PLS. *See id.* at 5–6. He is also, upon information and belief, the President, a Director, and the registered agent in Florida for PLS USA, which was used to complete at least some of the logistics services contemplated in the relevant agreement between CITGO and PLS. *Id.* In the Discovery Motion, CITGO explained that as a result of Mr. Omana's roles, he was "believed to have information concerning price inflation for goods procured by PLS or services provided by PLS." Mot. for Leave to Conduct Third-Party Disc. at 6, ECF No. 33. This Court granted the Discovery Motion on October 13, 2021. Hr'g Mins., ECF No. 36.

On December 1, 2021, Mr. Omana was properly served with a subpoena, which instructed him to produce relevant documents by December 22, 2021 (the "Subpoena").

Decl. of Robert Meyer ("Meyer Decl.") ¶¶ 4–6 & Ex. 1, 3, attached hereto as Ex. A.  To date, Mr. Omana has not produced documents in response nor provided any objections to the Subpoena.  Accordingly, CITGO now moves to compel Mr. Omana's compliance with this properly served Subpoena.

This request is very similar to one recently granted by the District Court for the Southern District of Florida.  There, PLS USA (represented by the same counsel who represents Mr. Omana) declined to meet and confer on a subpoena it received from CITGO, did not produce documents, did not serve objections, did not agree to schedule a deposition, and did not file a motion to quash or a motion for a protective order.  CITGO therefore filed a motion to compel PLS USA's compliance with the subpoena.  The court in evaluating the motion found that the discovery requests—requests that are similar to the ones in the Subpoena served on Mr. Omana—were "appropriate" in scope and within the bounds of the Federal Rules of Civil Procedure.  *CITGO Petroleum Corp. v. Petroleum Logistics Service USA, Inc.*, No. 22-mc-20762-RKA, slip op. at 8–9 (S.D. Fla. Apr. 12, 2022).  Given this, the court granted CITGO's motion to compel and also granted CITGO leave to file a motion for reasonable expenses incurred in filing the motion to compel.  *Id.*

## STATEMENT OF ISSUES AND SUMMARY OF THE ARGUMENT

CITGO files this motion asking the Court to order Mr. Omana to comply with the Subpoena served upon him.  A motion to compel compliance with a subpoena should be granted if the Court finds that: (1) the subpoena was properly issued; (2) the subpoena was properly served on the recipient; (3) the court in which the motion is made is the proper court to enforce the subpoena; (4) the subpoenaed individual has not complied with the

- 3 -

subpoena; and (5) the subpoenaed individual has not timely served objections to the Subpoena nor filed a motion to quash or a motion for a protective order. *See, e.g.*, *Perez v. Boecken*, No. 19-cv-00375-XR, 2020 WL 2733954, at *2 (W.D. Tex. May 26, 2020) (granting motion to compel non-party to produce responsive documents where non-party had failed to comply with subpoena, non-party did not timely object to subpoena, and non-party did not file a motion to quash or a motion for a protective order).

Here, the Subpoena was properly issued because it was issued by the Court where the Underlying Action is pending, as required by Fed. R. Civ. P. 45(a)(2). The Subpoena was properly served because it was hand delivered to Mr. Omana as required by Fed. R. Civ. P. 45(b)(1). The Southern District of Texas is the proper Court to enforce the Subpoena under Fed. R. Civ. P. 45(d)(2)(B)(i) because it is the Court for the district where compliance with the Subpoena is required. Finally, Mr. Omana has not produced any documents in response to the Subpoena, has not served objections to the Subpoena, and has not moved to quash the Subpoena or sought a protective order. Furthermore, even if Mr. Omana had timely objected or filed a motion to quash or for a protective order (which he did not do), he would still be required to meet his obligations under the Subpoena because the Subpoena is properly scoped under Fed. R. Civ. P. 45 and does not create an undue burden for Mr. Omana. The Court should therefore enter an Order compelling Mr. Omana to promptly produce documents responsive to the Subpoena's requests.

This Court should also find Mr. Omana in contempt for failing to comply with the Subpoena, and should grant sanctions awarding CITGO attorneys' fees and costs in bringing this motion. Fed. R. Civ. P. 45(g) ("The court for the district where compliance

is required . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. . . .").  As described in this Motion, CITGO has shown by clear and convincing evidence that Mr. Omana has failed to comply with the Subpoena.  *See Miles as Next Friend of Q.S v. Dolgencorp of Tex., Inc.*, No. 3:19-cv-2630-X, 2020 WL 6083006, at *3-4 (N.D. Tex. Oct. 14, 2020).

## FACTUAL BACKGROUND

### I.    Nature Of The Action

Defendant PLS is a Panama-based company, which claims to be in the business of coordinating international equipment purchases.  Compl. ¶ 20, ECF No. 1.  Testino, the other defendant in the Underlying Action, indirectly owned and controlled PLS, as well as a number of companies that PLS purchased goods from on behalf of CITGO during the relevant time period.  *Id.* ¶¶ 53–55.

In March 2014, CITGO entered into an agreement with PLS (the "Agreement") under which PLS would provide procurement and logistics services for CITGO and CITGO's parent corporation.  *Id.* ¶ 2.  PLS was compensated for its services through a percentage commission based on the price of purchases PLS made on CITGO's behalf.  *Id.* ¶¶ 2, 4, 16.  Between 2014 and 2018, CITGO paid tens of millions of dollars to PLS and other Testino-affiliated entities in transactions entered into under the Agreement.  *See, e.g.*, *id.* ¶¶ 16, 31.  PLS USA, which is believed to be the U.S.-based subsidiary of PLS, performed at least some of the services contemplated in the Agreement.  *See* Mot. for Leave to Conduct Third-Party Disc. at 5, ECF No. 33.  CITGO later discovered that, beginning at least as early as 2012, Testino took part in a bribery and money laundering conspiracy

through which Testino obtained lucrative contracts with CITGO for companies under his control, including the Agreement.  *See* Compl. ¶¶ 5, 14, 34, 40, ECF No. 1.

On July 31, 2018, Testino was arrested and charged with substantive violations of and conspiracy to violate the Foreign Corrupt Practices Act ("FCPA").  *Id.* ¶ 32.  On May 29, 2021, Testino pled guilty to a Criminal Information that described bribes paid to CITGO employees in exchange for securing contracts for his companies.  *See id.* ¶¶ 35–37.  Despite PLS's attempts to conceal its connection with Testino (including through providing CITGO with false and misleading information in response to a direct inquiry on the issue), CITGO eventually learned that Testino indirectly owned and controlled PLS. *Id.* ¶ 34.  CITGO also learned that it had purchased goods and services from other Testino-affiliated entities in connection with the Agreement.  *See id.* ¶ 31.  The prices CITGO paid for goods purchased and services provided under the Agreement are believed to have been improperly inflated by Testino and PLS.  *Id.* ¶¶ 41, 54.  CITGO brought the Underlying Action to recover damages caused by this bribery scheme.  *See id.* ¶¶ 75–112.  Given the corporate relationship between PLS and PLS USA, and the role PLS USA played in fulfilling aspects of the Agreement, Mr. Omana, who served in important roles for both entities, is believed to have evidence relevant to proving the full scope of damages CITGO suffered as a result of PLS's and Testino's misconduct.  Mot. for Leave to Conduct Third-Party Disc. at 5, ECF No. 33.

## II.   <u>Service Of The Subpoena</u>

In accordance with the third-party discovery granted by this Court following the October 13, 2021 hearing, CITGO issued a Subpoena to Mr. Omana requiring him to

produce documents responsive to twenty enumerated document requests, including *inter alia* documents related to (1) communications and transactions among PLS, PLS USA, other Testino-related entities, and CITGO and its parent corporation, (2) assets owned or indirectly controlled by Testino and Testino-related entities, (3) bribes paid to current or former employees of CITGO, and (4) the value of goods or services provided to CITGO. Meyer Decl. ¶¶ 2–6 & Ex. 3.  In connection with the Agreement, it is believed that Mr. Omana acted as a representative of PLS and PLS USA, including serving as the President and a Director of PLS USA, and, as a result, has in his possession or control relevant information concerning the damages CITGO incurred as a result of the Defendants' actions, including price inflation for goods procured by PLS or its agents and/or supposed logistical services provided by PLS or its agents under the Agreement.  *See* Mot. for Leave to Conduct Third-Party Disc. at 6, ECF No. 33.

To effectuate service of the Subpoena, CITGO engaged a process server who, on December 1, 2021, properly served the Subpoena on Mr. Omana at his known residence at 28706 Shoalhaven Court, Fulshear, TX 77441, by personally handing the Subpoena to him. Meyer Decl. ¶¶ 4–5 & Ex. 1.  The Subpoena ordered responsive documents to be produced by December 22, 2021, to Willkie Farr & Gallagher LLP at 600 Travis Street, Houston, TX 77002, a location within 100 miles of Mr. Omana's residence. *Id.* ¶ 6 & Ex. 3.

On December 2, 2021, Mr. Omana contacted counsel for CITGO via telephone. Counsel for CITGO asked Mr. Omana if he was represented by counsel for purposes of the Subpoena, and Mr. Omana stated that he was represented by Peter Gonzalez, an attorney for Sanchez-Medina, Gonzalez, Quesada, Lage, Gomez & Machado LLP. *Id.* ¶ 7.  Counsel

for CITGO therefore ended the call. *Id.* Counsel for CITGO had previously been in contact with Mr. Gonzalez regarding his representation of PLS USA and another individual in relation to separate subpoenas served on them as a part of CITGO's third-party discovery in the Underlying Action. *Id.* ¶ 8. Counsel for CITGO was expecting to speak with Mr. Gonzalez later that day, as he had previously stated that he would contact counsel for CITGO on December 2, to discuss other subpoena recipients. *Id.* & Ex. 1.

After receiving no communications from Mr. Gonzalez for nearly a week, on December 7, counsel for CITGO emailed Mr. Gonzalez and asked him to confirm that he was representing Mr. Omana. *Id.* ¶ 9 & Ex. 1. Mr. Gonzalez replied that he was unsure of exactly who he was representing, and that he was travelling and would not be able to answer any questions regarding the subpoenas until at least December 13. *Id.* ¶ 10 & Ex. 1. Mr. Gonzalez also requested a copy of the court order authorizing service of the Subpoena served on Mr. Omana and the affidavit of service. *Id.* & Ex. 1. On December 12, counsel for CITGO emailed Mr. Gonzalez copies of those documents and reminded Mr. Gonzalez that the Subpoena required Mr. Omana to produce documents by December 22. *Id.* ¶ 11 & Ex. 1. Mr. Gonzalez did not respond to counsel for CITGO's December 12 email and similarly failed to respond to four other emails from counsel for CITGO throughout December and January, including an email communicating CITGO's intent to file a motion to compel Mr. Omana's compliance with the Subpoena if he remained unresponsive. *Id.* ¶¶ 12–17 & Ex. 1, 2, 4.

On February 7, Mr. Gonzalez emailed counsel for CITGO and stated that he had been unresponsive because "several" emails from counsel for CITGO had gone into his

"Junk Box."[2]  *Id.* ¶ 18 & Ex. 4.  In this email, Mr. Gonzalez stated that he had recently

spoken with Mr. Omana regarding this matter.  *Id.*  Mr. Gonzalez also stated he would be

available to meet and confer with counsel for CITGO, but did not offer any dates or times

for such a meet and confer, instead writing that his assistant would coordinate the date and

time.[3]  *Id.*  Counsel for CITGO then emailed, called, and left voicemails for Mr. Gonzalez

and his assistant several times between February 7 and February 14 before finally receiving

a response from Mr. Gonzalez's assistant on February 14.  *Id.* ¶¶ 19–20 & Ex. 4.  Although

a teleconference was scheduled for February 22, that teleconference was cancelled by Mr.

Gonzalez's assistant less than fifteen minutes before it was to occur (the stated reason being

that Mr. Gonzalez had a deposition that was "running long").  *Id.* ¶¶ 21–22 & Ex. 4.  A

second teleconference was scheduled for the following day, but that teleconference was

cancelled less than five minutes before it was to occur, with Mr. Gonzalez's assistant

stating there had been a death in Mr. Gonzalez's family.  *Id.* ¶¶ 22–23 & Ex. 4.  Counsel

for CITGO agreed to propose dates for the following week, and did so.  *Id.* ¶ 23 & Ex. 4.

However, since sending those proposed dates, counsel for CITGO has not heard from Mr.

---

[2] Despite this statement, Mr. Gonzalez had previously responded to an email from counsel for CITGO sent to Mr. Gonzalez at this same email address as well as to his assistant.  Meyer Decl. ¶¶ 9–10 & Ex. 1.

[3] This assistant had been copied on all of the prior emails sent to Mr. Gonzalez.  Meyer Decl. ¶¶ 9–17 & Ex. 1.  Mr. Gonzalez's stated intention to meet and confer with CITGO seems to have been primarily related to the subpoena served upon PLS USA.  However, given the relationship between PLS USA and Mr. Omana, and given Mr. Gonzalez represents both, CITGO intended to confer about both the PLS USA and Mr. Omana subpoenas had Mr. Gonzalez ever attended a conference with CITGO.  As detailed below, Mr. Gonzalez never made himself available for such a conference.

Gonzalez despite multiple emails and telephone calls requesting a conference.  *Id.* ¶¶ 24–27 & Ex. 4, 6.  Most recently, on April 12, 2022, in response to a motion filed by CITGO, the District Court for the Southern District of Florida granted CITGO's motion to compel PLS USA to produce documents and attend a deposition.  In sending a copy of that order to counsel for Mr. Omana, counsel for CITGO again requested that Mr. Omana agree to produce responsive documents.  *Id.* ¶¶ 25 & Ex. 6.  Counsel for CITGO did not receive any response.  *Id.* ¶¶ 25–27.

To date, Mr. Gonzalez has not made himself available for a meet and confer, and Mr. Omana has not produced any documents, filed a motion to quash the Subpoena, or served any objections to the Subpoena.  *Id*. ¶ 27.

## III.   <u>Responsive Documents In Mr. Omana's Possession</u>

Mr. Omana is believed to have information concerning price inflation for goods procured by PLS or its agents, and/or services provided by PLS under the Agreement given Mr. Omana's apparent roles as a representative of PLS and the President, registered agent, and a Director of PLS USA.  *See* Mot. for Leave to Conduct Third-Party Disc. at 6, ECF No. 33.   More specifically, Mr. Omana, through those roles, is believed to possess documents responsive to specific transactions among PLS, PLS USA, other Testino-related entities, and CITGO and its parent corporation, which are relevant to CITGO's claims for damages.  CITGO believes Mr. Omana may also possess documents regarding bribes paid to current or former employees of CITGO, communications documenting the process by which PLS and Testino-related entities secured contracts with CITGO and its parent corporation under the Agreement, and the value of goods or services provided to CITGO,

which are also relevant to the damages incurred as a result of the Defendants' conspiracy. Meyer Decl. ¶ 2 & Ex. 3.

Any responsive information in Mr. Omana's possession is unlikely to be available to CITGO through other means. *See* Mot. for Leave to Conduct Third-Party Disc. at 4, ECF No. 33. PLS and Testino have failed to defend the lawsuit and are in default, meaning they are not a source of the information Mr. Omana is believed to possess. *Id.* Moreover, due to the illicit nature of Defendants' bribery scheme, Defendants and their co-conspirators kept the existence and amount of the bribes and the true value of the goods and services provided to CITGO secret, including by destroying evidence. Compl. at ¶¶ 66, 104, ECF No. 1.

## ARGUMENT

### I.     The Subpoena Was Properly Issued In The United States District Court For The Southern District Of Texas And May Be Properly Enforced By This Court

A.     *The Subpoena Was Properly Issued In The Southern District Of Texas*

Rule 45 of the Federal Rules of Civil Procedure governs non-party discovery in federal courts. Under Rule 45(a)(2), a subpoena must issue from the court where the action is pending. Fed. R. Civ. P. 45(a)(2); *see also Trover Grp., Inc. v. Dedicated Micros USA*, No. 2:13-cv-1047-WCB, 2015 WL 11117083, at *1 (E.D. Tex. Mar. 27, 2015) ("[A] subpoena to a third party for testimony or documents must issue from the court where the action is pending."). Through the subpoena, a party may command a non-party to produce documents, electronically stored information, or tangible things within 100 miles of where the non-party resides. Fed. R. Civ. P. 45(c)(2)(a). Here, the Subpoena was properly issued

in this Court.  Meyer Decl. ¶¶ 2–3 & Ex. 3; *see also* Hr'g Mins., ECF No. 36.  Moreover, the place of production was within 100 miles of where Mr. Omana resides.  Specifically, Mr. Omana's residence in Fulshear, TX is approximately 35 miles from the place of production, 600 Travis Street, Houston, TX 77002, as required under Rule 45.  Meyer Decl. ¶¶ 5–6 & Ex. 3.

B.     *The Subpoena Was Properly Served On Mr. Omana*

Rule 45 requires "delivering a copy [of the subpoena] to the named person."  Fed. R. Civ. P. 45(b)(1); *see also In re Dennis*, 330 F.3d 696, 704 (5th Cir. 2003) ("proper service requires . . . personal delivery of the subpoena"); *CITGO Petroleum Corp. v. Petroleum Logistics Service USA, Inc.*, No. 1:22-mc-20762-RKA, slip op. at 5–6 (S.D. Fla. Apr. 12, 2022) (finding service of subpoena proper under Rule 45 where subpoena was personally delivered).  Here, Mr. Omana was personally served with the Subpoena at his residence, in that the process server hand delivered the Subpoena to Mr. Omana.  Meyer Decl. ¶¶ 4–5 & Ex. 1.

C.     *The Subpoena May Be Enforced By This Court*

This Court may compel Mr. Omana to respond to CITGO's properly issued and served Subpoena.  A motion to compel a non-party to comply with a document subpoena is made in the court for the district where compliance is required.  Fed. R. Civ. P. 45(d)(2)(B)(i); *see also Dasari v. Filtered, Inc.*, No. 4:21-mc-109, 2021 WL 3140544, at *1 (E.D. Tex. July 26, 2021) ("Matters relating to the enforcement of a subpoena are to be directed to the court 'for the district where compliance is required'") (quoting Fed. R. Civ. P. 45(d)(2)(B)(i)); *In re Subpoenas to Plains All Am. Pipeline, L.P.*, No. 1:11-CV-03543-

WHP, 2014 WL 204447, at *7 (S.D. Tex. Jan. 17, 2014) (granting motion to compel non-party's compliance with document subpoena in court for the district where compliance was required); *In re Subpoena to Jodie Strain*, No. 4:13-MC-490, 2013 WL 12155022, at *1, *3 (S.D. Tex. June 19, 2013) (same).

The place of production, 600 Travis Street, Houston, TX 77002, is within the Southern District of Texas.  Meyer Decl.  ¶¶ 6 & Ex. 3.  As such, this Court may enforce the Subpoena.

## II.    This Court Should Grant CITGO's Motion To Compel Because Mr. Omana Has Not Responded And Has Waived All Objections

The Court should compel Mr. Omana to meet his obligations under the properly issued and served Subpoena.  An individual subject to a subpoena must raise any objections within 14 days. Fed. R. Civ. P. 45(d)(2)(B).  "Failure to file timely objections to or a timely motion to quash the subpoena generally results in the waiver of any objections."  *Smith W. Tex. Props., Ltd. v. Allied Prop. & Cas. Ins. Co.*, MO:18-CV-137-DC, 2020 WL 6365540, at *2 (W.D. Tex. Aug. 7, 2020); *see also In re Ex Parte Application of Grupo Mexico SAB de CV*, No. 3:14-MC-0073-G, 2015 WL 12916415, at *3 (N.D. Tex. Mar. 10, 2015), *aff'd sub nom. Grupo Mexico SAB de CV v. SAS Asset Recovery, Ltd.*, 821 F.3d 573 (5th Cir. 2016) (same).  As discussed above, Mr. Omana has failed to produce any documents or provide any written objections with regards to the Subpoena within the 14 days required under Rule 45.  Meyer Decl. ¶¶ 6, 24.  The dates by which Mr. Omana was required to serve objections (December 15, 2021) or produce documents (December 22, 2021) under

the Subpoena have long-since passed.  Mr. Omana has thus waived his right to object to producing all non-privileged information responsive to the Subpoena.

Courts routinely grant motions to compel compliance with a subpoena where the served individual waives objections to the subpoena, does not file a motion to quash the subpoena, and does not produce documents responsive to the subpoena within the allotted time.  *See, e.g.*, *Perez*, 2020 WL 2733954, at *2 (granting motion to compel production of responsive documents not included in the initial production where it was "undisputed that neither [the non-party subpoena recipient] nor Plaintiff filed any timely objections, a motion to quash, or a motion for protective order in response to the notice and subpoena and that the time to do so ha[d] expired."); *In re Ex Parte Application of Grupo Mexico SAB de CV*, 2015 WL 12916415, at *3–4 (granting motion to compel where third-party failed to object or file a motion to quash); *Doe 1 v. Baylor Univ.*, No. 6:16-CV-173-RP, 2019 WL 2462799, at *1-2 (W.D. Tex. Mar. 28, 2019) (same); *CITGO Petroleum Corp. v. Petroleum Logistics Service USA, Inc.*, No. 22-mc-20762-RKA, slip op. at 7–8 (S.D. Fla. Apr. 12, 2022) (same).  Mr. Omana has not produced the requested documents, has not filed a motion to quash the Subpoena, and has waived any objections he may have.  Meyer Decl. ¶¶ 6, 24.  This Court should therefore grant CITGO's Motion to Compel and require Mr. Omana to produce the requested information.

## III.  <u>The Scope Of Discovery Requested By The Subpoena Is Appropriate Under Rule 45</u>

As discussed above, Mr. Omana has waived any and all objections as to the scope of the Subpoena and the Court should therefore grant the Motion to Compel.  However,

even if Mr. Omana had not waived his objections, the discovery requested by the Subpoena is entirely appropriate under Rule 45.   Courts consider the scope of discovery available from a non-party under Rule 45 to be the same as the scope of discovery under Rule 26. *Smith*, 2020 WL 6365540, at *3; *CITGO Petroleum Corp. v. Petroleum Logistics Service USA, Inc.*, No. 22-mc-20762-RKA, slip op. at 8–9 (S.D. Fla. Apr. 12, 2022).   In other words, "[p]arties may obtain discovery of any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . . ." Fed. R. Civ. P. 26 (b)(1).   Additionally, under Rule 45(d)(3)(A)(ii), a court must "*[o]n timely motion . . . quash or modify a subpoena that . . . subjects a person to undue burden.*" Fed. R. Civ. P. 45(d)(3(A)(ii) (emphasis added).   Had Mr. Omana filed a motion to quash the Subpoena, which he did not, he would bear the burden of proving that compliance with the Subpoena created an undue burden. *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004).   This would require showing the burden created by the Subpoena (*e.g.*, the expense and inconvenience of producing documents) outweighed the party's need for relevant documents. *See id.*

The District Court for the Southern District of Florida recently considered a motion to compel PLS USA to comply with a subpoena served upon it by CITGO.   The document production requests in that subpoena were very similar to the ones in the Subpoena served on Mr. Omana.   The Southern District of Florida found that these requests were within the scope of permissible discovery under the federal rules and entirely "appropriate," noting that the "Supreme Court has stressed on multiple occasions the need to construe the [Federal] Rules liberally to allow for robust discovery." *CITGO Petroleum Corp. v.*

*Petroleum Logistics Service USA, Inc.*, No. 22-mc-20762-RKA, slip op. at 9–10  (S.D. Fla. Apr. 12, 2022) (alteration in original) (quoting *Anthony v. FDE Mktg. Grp. LLC*, No. 21-23345-MC, 2021 WL 5937683, at *2 (S.D. Fla. Dec. 16, 2021)).  Given that, and given that "PLS USA never sought protection from this Court regarding the scope of information" sought by the subpoena, the court granted CITGO's motion to compel.  *Id.* at 9, 11.

Likewise, the scope of the Subpoena requests at issue here are appropriate and do not create an undue burden.  As detailed in the Subpoena, CITGO is requesting production of documents related to: (1) the value of services Mr. Omana's employers, PLS and/or PLS USA, performed for CITGO and its parent corporation; (2) PLS and PLS USA's relationship with certain other entities with ties to Testino; (3) the amount by which prices charged by PLS, PLS USA, and other Testino-affiliated entities were improperly inflated; and (4) inducements and bribe payments made by PLS and PLS USA to CITGO employees.  *See* Meyer Decl. Ex. 3.  This information is both highly relevant and highly probative of CITGO's claims in the Underlying Action.  It will help demonstrate the true value of the goods PLS purchased, provide evidence of the improper markups PLS and other Testino-affiliated vendors charged, and provide further evidence of Testino's bribery and corrupt conduct.  All of that information is significant to CITGO's calculation of damages, as CITGO already explained in its Motion for Third-Party Discovery in the Underlying Action, which was granted by this Court.  In addition, CITGO is unlikely to obtain the documents from any other sources given PLS and Testino's default.

Moreover, CITGO took steps to preemptively reduce any undue burden.   The document requests are specifically limited to the time period during which it is believed that the misconduct alleged in the Underlying Action, as well as any later concealment of such improper conduct, took place.   To the extent that Mr. Omana is in possession of responsive information, he should have little difficulty producing it to CITGO, especially given the extended length of time he has had to identify and compile responsive documents. To the extent he does not have such documents, responding to that effect imposes an even smaller burden.   Based on this, there is no reason to think that the Subpoena poses any undue expense or inconvenience and, again, Mr. Omana has not articulated such a burden. Thus, even had Mr. Omana properly objected to the Subpoena or moved to quash it within the allotted time, which he failed to do, Mr. Omana would not be able to meet his burden of proving the Subpoena imposed an undue burden.

## IV.   <u>Mr. Omana Has Refused To Comply With The Subpoena And Should Be Held In Contempt</u>

This Court should also find Mr. Omana in contempt for failing to comply with the Subpoena, and should grant sanctions awarding CITGO attorneys' fees and costs in bringing this motion.   Fed. R. Civ. P. 45(g) ("The court for the district where compliance is required . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. . . .").   The party moving for sanctions must show by clear and convincing evidence that the subpoenaed party did not comply with the subpoena.   *See Miles*, 2020 WL 6083006, at *3.   As described in this Motion and the attached Declaration, Mr. Omana has not served any objections, has not filed a motion to

quash or a motion for a protective order, and has not produced any documents.  Therefore, this Court should find Mr. Omana in contempt and grant CITGO leave to file with the Court the costs incurred in filing this motion, including reasonable attorneys' fees.  *See id.* at \*3-4 (magistrate judge finding there was clear and convincing evidence of contempt where the subpoenaed party did not serve objections to the subpoena, did not move to quash it, did not move for a protective order, and was generally uncommunicative with the moving party).[4]

## **CONCLUSION**

For the foregoing reasons, CITGO respectfully requests that this Court compel Mr. Omana to produce promptly documents responsive to CITGO's Subpoena.

Dated:  April 25, 2022

*/s/ Jennifer Hardy*
Jennifer Hardy
Attorney-in-Charge
Texas Bar No. 24096068
Southern District of Texas Bar No. 2828253
Willkie Farr & Gallagher LLP
600 Travis Street
Houston, TX 77002
Tel: (713) 510-1766
Fax: (713) 510-1799
JHardy2@willkie.com

Michael Gottlieb
Robert Meyer
Nicholas Reddick
Andrew English
Willkie Farr & Gallagher LLP

---

[4] The judge ultimately did not follow the magistrate's recommendation because the Court found that the moving party had failed to serve its motion to compel on the subpoenaed party.  *Id.* at \*4.

- 18 -

1875 K Street, N.W.
Washington, D.C. 20006
Tel: (202) 303-1000
Fax: (202) 303-2000

*Attorneys for Plaintiff CITGO Petroleum Corporation*

## CERTIFICATE OF CONFERENCE

The undersigned certifies that counsel for Petitioner CITGO has attempted to confer with counsel for Respondent Omana in an effort to resolve the issues raised in this Motion but was unable to do so.  Specifically, on December 2, 2021, Mr. Omana contacted counsel for CITGO, and stated he was represented by Peter Gonzalez, an attorney for Sanchez-Medina, Gonzalez, Quesada, Lage, Gomez & Machado LLP.  Meyer Decl. ¶ 7.  Counsel for CITGO emailed Mr. Gonzalez and his assistant numerous times throughout December and January in attempts to schedule a meet and confer regarding the Subpoena.  *Id.* ¶¶ 9–17 & Ex. 1, 2, 4.  In these emails counsel for CITGO also provided Mr. Gonzalez with documents that he requested, reminded Mr. Gonzalez of the date by which Mr. Omana was required to produce documents, and notified Mr. Gonzalez of CITGO's intent to file a motion to compel Mr. Omana's compliance should he continue to ignore his obligations under the Subpoena. *Id.* ¶¶ 11, 15 & Ex. 1, 2.  Counsel for CITGO did not receive responses to most of these emails, and was unable to schedule a conference with Mr. Gonzalez.  *See id.* ¶¶ 9–17 & Ex. 1, 2, 4.  On February 7, 2022, Mr. Gonzalez emailed counsel for CITGO and expressed a willingness to meet and confer.  *Id.* ¶ 18 & Ex. 4.  Counsel for CITGO therefore continued to email, call, and leave voicemails for Mr. Gonzalez and his assistant throughout February to try to arrange such a conference.  *Id.* ¶¶ 17–24 & Ex. 4.  Although counsel for CITGO was finally able to schedule two teleconferences with Mr. Gonzalez in late February, both of those teleconferences were cancelled by Mr. Gonzalez less than fifteen minutes before they were to begin.  *Id.* ¶¶ 21–23 & Ex. 4.  Since that time, counsel for CITGO sent six emails and placed three phone calls for Mr. Gonzalez and his assistant

in attempts to receive the responsive documents or to schedule a meet and confer, but Mr.

Gonzalez has remained unresponsive. *Id.* ¶¶ 24–27 & Ex. 4, 6.

Dated:  April 25, 2022

*/s/ Jennifer Hardy*
Jennifer Hardy
Attorney-in-Charge
Texas Bar No. 24096068
Southern District of Texas Bar No. 2828253
Willkie Farr & Gallagher LLP
600 Travis Street
Houston, TX 77002
Tel: (713) 510-1766
Fax: (713) 510-1799
JHardy2@willkie.com

Michael Gottlieb
Robert Meyer
Nicholas Reddick
Andrew English
Willkie Farr & Gallagher LLP
1875 K Street, N.W.
Washington, D.C. 20006
Tel: (202) 303-1000
Fax: (202) 303-2000

*Attorneys for Plaintiff CITGO Petroleum*
*Corporation*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document will be served by mail in accordance with the service provisions of Rule 5 of the Federal Rules of Civil Procedure.

Dated: April 25, 2022

By: */s/ Jennifer Hardy*

Jennifer Hardy
Attorney-in-Charge
Texas Bar No. 24096068
Southern District of Texas Bar No. 2828253
Willkie Farr & Gallagher LLP
600 Travis Street
Houston, TX 77002
Tel: (713) 510-1766
Fax: (713) 510-1799
JHardy2@willkie.com

*Attorney for Plaintiff CITGO Petroleum Corporation*

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**

CITGO PETROLEUM CORP.,

*Plaintiff*,

v.

PETROLEUM LOGISTICS SERVICE CORP., and JOSE MANUEL GONZALEZ TESTINO,

*Defendants*.

Civil Case No. **4:20-cv-01820**

**Jury Trial Demanded**

**[PROPOSED] ORDER**

Having considered Petitioner CITGO Petroleum Corp.'s *Motion to Compel Respondent Sergio Omana's Compliance With Subpoena*, it is this _____ day of _____ 2022, hereby:

**ORDERED,** that CITGO Petroleum Corp.'s Motion is **GRANTED;** it is

**FURTHER ORDERED** that Sergio Omana must within three weeks of this Order produce all non-privileged documents and information responsive to the subpoena served upon Mr. Omana on December 1, 2021; and it is

**FURTHER ORDERED** that Sergio Omana is in contempt under Fed. R. Civ. P. 45. This Court **GRANTS** CITGO leave to file with this Court the costs incurred in filing the Motion, including reasonable attorneys' fees.

- 23 -

**SO ORDERED.**

_____
Date

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE